## In re MICHIGAN INTERSTATE RAILWAY COMPANY, INC., d/b/a Ann Arbor Railroad System, Debtor.

### Bankruptcy No. 83–00054.

United States Bankruptcy Court, E.D. Michigan, S.D. Flint.

Sept. 7, 1983.

---

MEMORANDUM OPINION
AND ORDER

STANLEY B. BERNSTEIN, Bankruptcy Judge.

On August 31, 1983, W. Clark Durant, III, the successor trustee of the Michigan Interstate Railway Company, Inc., the Ch. 11 debtor, filed an application for an order appointing the law firm of Honigman, Miller, Schwartz & Cohn as his counsel.

The application correctly recites that Mr. Durant was appointed successor trustee by this Court on March 11, 1983 from the list of five nominees submitted by the U.S. Secretary of Transportation under 11 U.S.C. § 1163. On August 16 and 17, 1983, this Court entered separate orders vacating the appointment of the trustee's former special counsel and denying the trustee's application to appoint it's own firm as his

counsel. 32 B.R. 325, 32 B.R. 327 (Bkrtcy. Mich.) No notice of appeal has been filed from either order.

The trustee's application alleges that under Bankruptcy Rule 5002,[1] which became effective on August 1, 1983, I am prohibited from acting on the trustee's application because immediately prior to my appointment to this Court I was a partner of Honigman, Miller, Schwartz & Cohn. That overstates the Rule—to be sure, it would be improper for me to enter an order granting the application; the Rule does not, however, explicitly or by necessary implication prohibit me from denying the application.

As the trustee would have it, I would first have to disqualify myself from hearing the matter, and assuming that another bankruptcy judge in this district granted the application, then recuse myself from the entire case because my former firm would then be representing the operating trustee in all matters as his general counsel in the case.

Whether my recusal was the goal of the trustee's application, or simply an incidental result need not be investigated. What concerns this Court is avoiding the appearance of impropriety. The Ch. 11 petition was properly filed in the Flint Administrative Unit to which I have been assigned by order of the District Court for the Eastern District of Michigan. Although I never suggested to, directed, or informally ordered the trustee to retain my former firm as his counsel, the trustee's application creates that appearance of impropriety. I cannot permit any Ch. 11 trustee appointed by me to take any action which would create the appearance of impropriety on my part. There is only one effective method of giving lie to that appearance.

As a judge of this Court, I cannot sanction any form of "judge-shopping" by a debtor, trustee or any other professional person appointed by this Court through the process of appointments of counsel or any other device.

Of course, these considerations of policy and judicial ethics do not bear on the competency of the firm of Honigman, Miller, Schwartz & Cohn to represent the trustee. That issue can not be reached.

For the foregoing reasons, the trustee's application is DENIED.

---

1. Rule 5002. Prohibited Appointments

    No person may be appointed as a trustee or examiner or be employed as an attorney, accountant, appraiser, auctioneer, or other professional person pursuant to § 327 or § 1103 of the Code if (1) the person is a relative of any judge of the court making the appointment or approving the employment or (2) the person is or has been so connected with any judge of the court making the appointment or approving the employment as to render such appointment or employment improper. Whenever under this rule a person is ineligible for appointment or employment, the person's firm, partnership, corporation, or any other form of business association or relationship, and all members, associates and professional employees thereof are also ineligible for appointment or employment.